

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 24, 1961

Honorable J. W. Edgar          Opinion No. WW-1094
Commissioner of Education
Austin, Texas                  Re: Validity of a provision
                                   in a deed to a school
                                   district that if the prop-
                                   erty is sold the proceeds
                                   above the purchase price
                                   paid by the school district
                                   shall be divided between
                                   the school and its grantor
                                   under the facts stated and
Dear Dr. Edgar:                    related question.

        Your letter of March 14, 1961, asking for an opin-
ion from this office reads as follows:

        "For long prior to July, 1946, the
Waco Independent School District existed
and operated as a municipally controlled
(City of Waco) independent school dis-
trict pursuant to Articles 2768, 2798,
et seq., Vernon's Civil Statutes. Its
schools were administered under a board
of school trustees of the municipal dis-
trict locally appointed or elected. Acts
21st Leg., R.S., Spec. L. 1889 (Gammel's
Vol. 9, p. 1373).

        "On July 6, 1946, the City of Waco
conveyed by deed to such Board of Trustees
a tract approximating twenty-five (25)
acres with buildings thereon for $100,000,
$10,000 with interest to be paid annually
for ten years, with the further condition
and consideration that should the grantee
sell the property so conveyed, all moneys
over $100,000 shall be divided and paid
equally between grantor and grantee.

"In 1948, we are advised, by city charter amendment and presumably pursuant to Article 2783a, the Waco Independent School District was divorced from control of the City of Waco, and the Waco Indpendent School District since and currently exists as an independent school district separate, apart and free from city control. Article 2815g-43, paragraph 6, V.C.S.

"In 1957, an election in the Waco Independent School District authorized the issuance and sale of six and one-half million dollars in bonds for the 'purchase, construction, repair, or equipment of public free school buildings, within the limits of said district, and the purchase of necessary sites therefor . . .' It has become necessary currently for this district to plan and construct a new classroom building on said premises, at an expenditure of about one million dollars out of such bond proceeds to be realized.

"Further, a portion of the tract in question will soon be required for right-of-way purposes for Interstate Highway No. 35.

"In the light of the facts above stated, we would appreciate receiving an opinion from your office on the following submitted questions:

"1. Is the deed clause providing for a division of the proceeds of the sale of the property valid? If invalid, is the remainder of the deed valid?

"2. If the deed and clause are both valid, may the district legally spend the bond proceeds as mentioned to improve said premises under the 'purposes' provision quoted from the bond election order above?"

When the City of Waco executed a deed to the Board of Trustees of the municipally controlled independent school district purporting to convey the land in question for the consideration stated, Section XXXII, Article 311 of the Charter of the City of Waco read as follows:

"The territory added to the City of Waco by any extension of the city limits thereof shall thereby become attached to the Independent School District composed of the City of Waco and the pro rata Public Free School Fund of the pupils enrolled from said district shall be paid to the trustees thereof and the title to all of the Public Free School property situated in the territory so attached to said Waco Independent School District shall immediately become vested in the trustees of the Waco Independent School District and said trustees shall assume and pay off all indebtedness thereon."

Article 2772, Vernon's Texas Civil Statutes reads, in part, as follows:

"In every city or town in this State which has or may assume the exclusive control and management of public free schools within its limits, and which has or may determine that such exclusive control and management shall be in a board of trustees, and organized under an Act of the Sixteenth Legislature, approved April 3, 1879, and Acts amendatory thereto, the title to all houses, lands and other property owned, held, set apart, or in any way dedicated to the use and benefit of the public free schools of such city or town, including property heretofore acquired as well as that which may hereafter be acquired, shall be vested in the board of trustees and their successors in office, in trust for the use and benefit of the public free schools in such city or town; . . ."

Also see Articles 2756, 2783a, Section 4, V.C.S. Hamilton v. Bowers, 146 S.W. 629 (Civ.App. 1912, error ref.).

Honorable J. W. Edgar, page 4 (WW-1094)


        Since by virtue of the statutes and city charter provision cited above, the title to the property in question was already in the board of trustees, the deed to the property in question, and consequently the covenant forming part of the consideration, is a nullity and of no legal significance.

        In view of our answer to your question No. 1, it becomes unnecessary to answer your question No. 2.


                              SUMMARY

        Since Article 2772, V.C.S., and
        provisions of Waco City Charter places
        title to land in question in Board of
        School Trustees, a subsequent deed from
        city to said trustees, purporting to
        convey the same land is a nullity.

                              Yours very truly,

                              WILL WILSON
                              Attorney General of Texas

                              By John C. Phillips
                              Assistant

JCP:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
Dudley McCalla
Tim Timmons
J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt